*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TIMOTHY J. HOEKER,

        Plaintiff-Appellant,

v

ARBA INTERNATIONAL LLC,

        Defendant-Appellee.

UNPUBLISHED
January 14, 2026
11:26 AM

No. 374540
Muskegon Circuit Court
LC No. 2022-000569-NP

Before: CAMERON, P.J., and KOROBKIN and BAZZI, JJ.

PER CURIAM.

In this product liability case involving claims of breach of implied warranty and negligence, plaintiff appeals as of right the trial court's order granting summary disposition to defendant under MCR 2.116(C)(10) (no genuine issue of material fact). We reverse and remand for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arose when plaintiff fell from his electric bicycle and sustained injuries. Plaintiff alleged that the front forks of his bike buckled, causing him to lose control when he rode over a speed bump. Plaintiff purchased the bike at issue from defendant, who had imported it from a manufacturer in China. Plaintiff filed suit, alleging the front fork of his bicycle was defective, and defendant, despite having received prior complaints from other customers about damaged forks when they received delivery of their bikes, failed to exercise reasonable care to warn its customers of the danger. The trial court granted defendant's motion for summary disposition. It reasoned that, because plaintiff failed to establish that the *manufacturer* knew or should have known about the alleged defect, defendant could not be held liable under MCL 600.2948(3).[1] The trial court

---

[1] MCL 600.2948(3) provides:

    In a product liability action brought against a manufacturer or seller for harm allegedly caused by a failure to provide adequate warnings or instructions, a

also reasoned that the complaints from other customers did not put defendant on notice about a possible defect because those complaints related to damage that the customers discovered when they received shipment of their bikes, suggesting that the front fork could have been damaged during shipping. It also found that plaintiff had not provided any authority to support the conclusion that defendant was obligated to "perform engineering tests on the forks and their packaging to determine the cause of their deformations." Plaintiff now appeals.

## II. STANDARD OF REVIEW

We review a trial court's decision on a motion for summary disposition de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). "A motion under MCR 2.116(C)(10) . . . tests the factual sufficiency of a claim." *Id*. at 160 (emphasis omitted). "When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. "A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact." *Id*. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted).

## III. ANALYSIS

Plaintiff argues that the trial court erred in granting summary disposition because a genuine issue of material fact remained as to whether defendant exercised reasonable care to warn plaintiff and other customers of danger. We agree.

As a preliminary matter, the trial court improperly found that plaintiff's claim was barred by MCL 600.2948(3) because plaintiff provided no evidence that the Chinese manufacturer knew or should have known about the alleged defect. MCL 600.2948(4) provides that "[t]his section does not limit a manufacturer's or seller's duty to use reasonable care in relation to a product after the product has left the manufacturer's or seller's control." Because plaintiff's allegations concerned defendant's conduct after the product had left its (and the manufacturer's) control, MCL 600.2948(3) is inapplicable.

Moreover, while the trial court correctly noted that defendant, as a nonmanufacturer-seller of the product at issue, is liable under MCL 600.2947(6)(a) if it failed to exercise reasonable care, it erred in finding that plaintiff failed to establish a genuine issue of material fact on the matter. Plaintiff argued below that defendant had failed to exercise reasonable care by failing to warn plaintiff of a problem with the front forks even though it had received multiple prior complaints from customers that the bikes shipped to them had damaged forks. Interpreting the situation, the trial court concluded that it was "equally reasonable to conclude that the bikes were damaged by shipping as they were damaged by a faulty fork." This conclusion necessarily indicates the trial

---

manufacturer or seller is not liable unless the plaintiff proves that the manufacturer knew or should have known about the risk of harm based on the scientific, technical, or medical information reasonably available at the time the specific unit of the product left the control of the manufacturer.

court recognized that there remained an "issue upon which reasonable minds might differ[,]" *El-Khalil*, 504 Mich at 159, but nonetheless granted summary disposition under MCR 2.116(C)(10). This was in error. By the trial court's own reasoning, a genuine issue of material fact remained. Summary disposition was therefore inappropriate.

We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Daniel S. Korobkin
/s/ Mariam S. Bazzi